**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2011

**Lyle W. Cayce**
Clerk

No. 10-40436
Summary Calendar

DEWAYNE ANDERSON,

Plaintiff-Appellant

v.

MAXEY CERLIANO, UNIDENTIFIED JENNINGS; LANCE WEATHERALL;
UNKNOWN PARTY, Warrant Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-569

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

DeWayne Anderson, Texas prisoner # 1567655, sued three jail officials at the Gregg County Jail and an unnamed warrant officer under 42 U.S.C. § 1983 asserting claims of false imprisonment, improper issuance of a warrant, harassment, discrimination, and retaliation. The magistrate judge, presiding with the consent of the parties, dismissed the complaint under 28 U.S.C. § 1915A(b)(1), concluding that Anderson's claims were frivolous and failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state a claim upon which relief could be granted. She did, however, grant Anderson permission to appeal in forma pauperis (IFP).

Section 1915A(b)(1) provides for dismissal of a prisoner's civil-rights complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." We review de novo the decision to dismiss a complaint on this basis, accepting the plaintiff's allegations as true. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

Anderson's rambling three-page brief to this court does not identify any flaw in the magistrate judge's analysis. Anderson's failure to point to specific errors puts him in the same position as if he had not appealed at all. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although we liberally construe briefs filed by pro se litigants, even they must reasonably comply with Federal Rule of Appellate Procedure 28(a)(9), which requires that the appellant's brief contain, among other things, an argument setting out his contentions and the reasons for them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, we decline to revisit the magistrate judge's decision. *See Brinkmann*, 813 F.2d at 748.

Anderson's appeal is frivolous, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and is dismissed, 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Anderson that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.