# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

No. 11-20835
Summary Calendar

Lyle W. Cayce
Clerk

JAMES THOMAS GREEN,

Plaintiff-Appellant

v.

JUSTICES OF THE TEXAS COURT OF CRIMINAL APPEALS; C. J. HEDGES;
J. J. YATES; BOYCE; JUDGE J. CAMPBELL, 248th District - Harris County;
JUDGE JOHN HUGHES, Previously 248th District,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3213

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Thomas Green, Texas prisoner # 769383, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against all of the state court judges who have had jurisdiction over his litigation relating to his 1996 conviction for murdering his wife. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20835

We review the dismissal of Green's complaint under § 1915A(b)(1) de novo. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Because the defendants are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions, Green has not shown that the district court erred in dismissing his claims against them, and we affirm the judgment of the district court on this ground. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

According to Green, the district court misconstrued his claims and erroneously found them barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Green's claims necessarily imply the invalidity of his murder conviction, which has not been set aside, they are not cognizable under § 1983. *See Heck*, 512 U.S. at 487. Given that Green's § 1983 claims are barred by *Heck* and all of the defendants named in his complaint are entitled to absolute judicial immunity, any error by the district court in dismissing the complaint without giving Green an opportunity to amend was harmless. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998).

The district court's dismissal of Green's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Green is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.