**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2012

No. 12-20091
Summary Calendar

Lyle W. Cayce
Clerk

WAYNE BINFORD,

Plaintiff-Appellant

v.

KATHRYN MARTEENY, P.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-162

Before STEWART, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wayne Binford, Texas prisoner # 1368265, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Binford sued Kathryn Marteeny, the attorney who represented Binford's ex-wife during their divorce proceeding, alleging that a letter Marteeny wrote to the Texas Board of Pardons and Paroles (the Board) contained false accusations about him and caused the Board to deny his release on parole. The district court dismissed Binford's action

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as frivolous, citing 28 U.S.C. § 1915A(b)(1), because Marteeny was a private actor not liable under § 1983.

A prisoner's civil rights complaint is subject to dismissal if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915A(b)(1).  We review the dismissal of a complaint under § 1915A(b)(1) de novo.  *See Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010).

Binford argues that Marteeny acted under color of state law by proxy.  He contends that she sent the letter so that the Texas Department of Criminal Justice (TDCJ) and the Board would subject Binford to cruel and unusual punishment, including the denial of release on parole.  Binford's conclusory and speculative allegations regarding Marteeny's sending of the letter, the letter itself, and the letter's impact on either the TDCJ or the Board are insufficient to establish that Marteeny's conduct—sending the letter—is fairly attributable to the State under any of the Supreme Court's tests.  *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549-51 (5th Cir. 2005).  Accordingly, the district court did not err when it dismissed as frivolous Binford's § 1983 complaint against Marteeny.

Binford's appeal is without arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Binford is cautioned that the dismissal of his § 1983 complaint by the district court pursuant to § 1915A(b)(1) and our dismissal of this appeal as frivolous pursuant to 5TH CIR. R. 42.2 both count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Binford is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.