## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 12-50177
Summary Calendar

Lyle W. Cayce
Clerk

WAYNE DEE BINFORD,

Plaintiff-Appellant

v.

PAUL J. SMITH, Attorney,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-56

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wayne Dee Binford, Texas prisoner # 1368265, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint alleging that Smith, an attorney, sent him a defamatory and libelous letter that was intercepted by the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID), was placed in his parole file, and caused the TDCJ-ID to deny him parole. The district court dismissed his complaint with prejudice as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and denied him leave to proceed IFP on appeal.

By moving to proceed IFP, Binford is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Binford does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal. Rather, he argues that the district court violated his due process rights when it hastily denied his IFP motion. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Binford has failed to challenge any legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *See id.* Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Binford's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of the complaint and appeal in the instant proceeding as frivolous each count as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(e)(2)(B)(i), (g). Binford has at least two other strikes. *See Binford v. Marteeny*, No. 4:12-CV-00612 (S.D. Tex. Feb. 1, 2012); *Binford v. Marteeny*, No. 12-20091 (5th Cir. Aug. 1, 2012). As Binford has

now accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Binford is further warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

MOTION DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.