**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID MARK CONKLIN,

     Plaintiff-Appellant,

v.

DON WALTERS, in his official capacity
as Sheriff of Carter County Jail, and in his
individual capacity; JOE McREYNOLDS,
in his official capacity as County
Commissioner of Carter County, and in
his individual capacity; CARTER
COUNTY BOARD OF
COMMISSIONERS, aka Board of County
Commissioners of Carter County,

     Defendants-Appellees.

No. 03-7013

(D.C. No. 01-CV-550-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

submitted without oral argument.

Plaintiff David Conklin, a state prisoner appearing pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Conklin filed his § 1983 complaint seeking damages for purported constitutional violations during his incarceration at the Carter County Jail in Ardmore, Oklahoma, from December 18, 2000, to May 16, 2001, as a result of his arrest for second degree burglary. In the context of the criminal case pending against him, Conklin alleged he was denied access to a law library and various legal materials, and was forced to accept appointed counsel instead of exercising his right to self-representation. The district court found that the allegations in his present complaint were "vague and conclusory" and did "not rise to the level of a constitutional violation." ROA Vol. II, Doc. 55 at 4. The court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), finding the complaint was without merit and lacked an arguable basis either in law or fact.

On appeal, Conklin identifies seven grounds for relief. These claims relate to his contention that he was unable to access legal material and was forced to accept "pro-government" appointed counsel, all of which deprived him of his constitutional right to proceed pro se in his criminal case. He argues that he does not seek to attack his criminal conviction, but seeks damages for defendants' infringement of his right to access the courts. We are not bound by this characterization and must consider the nature of the

2

relief sought.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Claims which involve his alleged waiver of appointed defense counsel, the ineffectiveness of appointed defense counsel, and an unlawfully obtained guilty plea all relate to Conklin's criminal conviction and cannot be raised in a § 1983 action.  Id. at 499 n.14.

We have carefully considered the district court's order, all of Conklin's arguments, and the record on appeal.  We AFFIRM for substantially the same reasons as set forth in the district court's order filed January 15, 2003.  Conklin is reminded of his obligation to continue making the appropriate payments toward full satisfaction of his filing fee.

Entered for the Court

Mary Beck Briscoe
Circuit Judge