# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2013

Lyle W. Cayce
Clerk

No. 12-41010
Summary Calendar

DAVID CONKLIN,

Plaintiff-Appellant

v.

DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; STUART JENKINS, TDCJ Parole Officer; MANAGEMENT TRAINING CORPORATION, Warden; MANAGEMENT TRAINING CORPORATION, Assistant Warden; LAW LIBRARY CLERK, Management Training Corporation; RICK C. THALER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-450

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Conklin, Texas prisoner # 1789361, seeks leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 action. He also requests an evidentiary hearing, appointment of counsel, and injunctive relief. The district court dismissed his action pursuant to 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim. By moving for leave to proceed IFP, Conklin is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

We review the dismissal of the complaint de novo, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *See Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010). Conklin has not demonstrated that the district court erred by dismissing his complaint for failure to state a claim based on a finding that he failed to allege an actual injury. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Accordingly, we do not reach Conklin's arguments concerning the district court's alternative grounds for dismissal.

Because Conklin has not demonstrated that his appeal would involve a nonfrivolous issue, his motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His requests for an evidentiary hearing, appointment of counsel, and injunctive relief are also denied.

The district court's dismissal of Conklin's suit and this court's dismissal of his appeal as frivolous each count as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Conklin has two other strikes. *See Conklin v. Gutierrez,* No. 2:12-CV-20 (S.D. Tex. Apr. 19, 2012); *Conklin v. Walters*, 70 F. App'x 491 (10th Cir. 2003). As Conklin now has at least three strikes under § 1915(g), he is advised that he is no longer allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) SANCTION BAR IMPOSED.