# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2013

No. 12-60906
Summary Calendar

Lyle W. Cayce
Clerk

ERNEST E. COLLINS,

Plaintiff-Appellant

v.

GEO GROUP, INCORPORATED; JAMES TUNSTAN; LIEUTENANT RYAN, Correctional Officer; LIEUTENANT MARTIN, Correctional Officer; LIEUTENANT RODGERS, Correctional Officer; WARDEN JESSIE STREETER; DOCTOR EMMAUEL KPABITEY,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:12-CV-33

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ernest E. Collins, Mississippi prisoner # 13044, proceeding pro se and in forma pauperis (IFP), appeals the dismissal of his 42 U.S.C. § 1983 complaint. Collins alleged that Officer Tunstan used excessive force in violation of Collins's constitutional rights when Tunstan shot him with a riot gun and that Officers Ryan, Martin, and Rodgers failed to protect him from this excessive force. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

addition, Collins alleged that Warden Streeter and Dr. Kpabitey were deliberately indifferent in delaying his treatment by an eye doctor and that he continues to have unspecified eye problems as a result of the delay. The district court dismissed the complaint for failure to state a claim on which relief may be granted.

Although the district court did not specify the statutory provision on which the dismissal of Collins's complaint was based, the district court was authorized to dismiss Collins's complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). We review de novo the dismissal of a complaint pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief can be granted. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The district court concluded that Collins failed to state a claim for excessive force because Officer Tunstan's actions were justified as a good-faith effort to maintain or restore discipline and were not done maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). As Collins argues, the district court erroneously stated that Officer Tunstan fired a shot in response to a loud inmate in Collins's unit, who had initially complied with the order to lie on the ground but then stood up in defiance of that order; Collins actually alleged that the loud inmate had been handcuffed and removed from the unit prior to the shot being fired. However, Collins contradicts his allegations in arguing that Officer Tunstan's actions were not justified because all of the inmates were lying on the floor when the shot was fired. Collins alleged that Officer Tunstan said that he needed to shoot in response to another inmate who had stood up or was starting to stand up.

Since Collins does not offer any argument regarding whether Officer Tunstan's actions were a justified response to the other inmate's actions, he has failed to show that the district court erroneously concluded that he failed to state a claim against Officer Tunstan and the other prison officer defendants. Moreover, Officer Tunstan's response to the other inmate's actions was a good-faith effort to maintain or restore discipline. *See Hudson*, 503 U.S. at 6-7. According to Collins's allegations, the officers had just resolved an attack on another officer in an adjoining unit when an inmate in Collins's unit began to act disruptively, the officers were greatly outnumbered by the inmates, and Officer Tunstan fired a non-lethal weapon only after the other inmate disobeyed the order to lie on the ground by standing up or starting to stand up. Thus, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the officers, and the effort made to temper the severity of the forceful response militate in favor of concluding that the force applied was not excessive in violation of Collins's constitutional rights. *See Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

As to Collins's argument that the district court should have obtained and viewed a videotape recording of the shooting, the district court was not required to allow Collins to conduct discovery prior to dismissing his complaint. *See* §§ 1915(e)(2), 1915A(a).

"[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that *results in substantial harm*." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (internal quotation marks and citation omitted). Collins alleged that the eye doctor concluded that his eye had healed and did not reveal any permanent damage. Although he alleged that he continues to have unspecified eye problems, he did not explain the nature of his continuing eye problems. Therefore, he failed to allege facts from which it could be inferred that the delay in providing medical treatment resulted in substantial harm. *See id.* Moreover, as the district court reasoned,

Collins was provided with medical treatment for his eye; he was examined shortly after his eye was injured, prescribed antibiotics and eye drops, and examined by Dr. Kpabitey several times before being examined by an eye doctor. Therefore, Collins's complaint failed to state a claim that Warden Streeter and Dr. Kpabitey disregarded Collins's medical needs. *See id.*

Collins also complains of the failure to provide prescribed followup care for his ingrown eyelashes. As stated, Collins alleged that he continues to have unspecified eye problems but did not explain the nature of his continuing eye problems. Therefore, he has not alleged facts from which it could be inferred that this condition or the failure to treat it constitutes a substantial risk of serious bodily harm. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

The judgment of the district court is AFFIRMED. Collins's motion for appointment of counsel is DENIED as the case does not present "exceptional circumstances." *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). The district court's dismissal of Collins's § 1983 complaint for failure to state a claim on which relief may be granted counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Collins is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).