# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 1, 2013

Lyle W. Cayce
Clerk

No. 12-31191
Summary Calendar

ALFRED SILVA,

Plaintiff-Appellant

v.

RICKY L. MOSES; WARDEN GALBREATH; RON ROBERTS; POLICE JURY
OF BEAUREGARD PARISH; SHERIFFS OFFICE BEAUREGARD PARISH;
GEORGIA CASUALTY INSURANCE COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-1233

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alfred Silva, Louisiana prisoner # 112315, has appealed the district court's judgment dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted. We review de novo the dismissal of his complaint, accepting the facts alleged in the complaint as true and viewing them in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light most favorable to the plaintiff. *See Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010).

Silva alleged that while he was a pretrial detainee in the Beauregard Parish Jail, an unknown individual threw an acidic liquid in his face. According to Silva, the deputy had him lie down to wait for treatment rather than washing off the liquid because the jail had no staff on duty who had been trained in first aid. As a result, Silva suffered extreme pain for approximately 35 to 40 minutes while waiting for the ambulance and was left permanently blinded. Silva also asserted that the defendants were deliberately indifferent to his serious medical needs, both through the inadequate treatment by the sheriff's deputies and through DeRidder City Sheriff Ricky L. Moses's and Beauregard Parish Jail Warden Galbreath's failure to have a staff member on duty who was trained in administering first aid as required by Louisiana regulations.

Because he was a pretrial detainee at the time of the incident, Silva's constitutional claims arise under the Due Process Clause of the Fourteenth Amendment, which—like the Eighth Amendment—places a duty on the State to protect against harm to persons in its confinement. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (*en banc*). Because he alleges an "episodic act or omission" of a jail official, Silva must show that the official acted with deliberate indifference to his constitutional rights. *See id.* at 636 (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). In the context of medical needs, the deliberate indifference standard is met when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As to the sheriff's deputies, Silva alleges no facts to show that they knew of or inferred a risk of permanent blindness to Silva and were indifferent to that risk, or that they failed to call or delayed calling an ambulance. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). He thus has failed to show that the

deputies displayed deliberate indifference to his serious medical needs. *See Hare*, 74 F.3d at 636.

Silva's allegations regarding Warden Galbreath and Sheriff Moses are equally unavailing. He contends that they failed to comply with state regulations requiring personnel trained in basic first aid to be assigned to every shift and that, in failing to so assign personnel, the two were deliberately indifferent to the excessive risk to his health or safety posed by a medical emergency such as the attack. Silva alleged no personal involvement by the Warden and the Sheriff in the attack and in the provision, or lack, of medical care. There is generally no vicarious supervisory liability in a § 1983 case, *see Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987), and Silva's allegations that the Sheriff and the Warden had a policy not to staff every shift with personnel trained in basic first aid are entirely speculative and thus do not save his claim from dismissal, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, Silva asserts that the defendants failed to protect him. While prison officials have a constitutional duty to protect prisoners from violence by other inmates, Silva must show for a failure-to-protect claim that he was incarcerated under "conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to [his] safety." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (internal quotation marks and citation omitted). The vague contention by Silva that, although the defendants knew of previous violent incidents, they declined to take unspecified protective measures to prevent future attacks such as the one on him, does not show that any risk to Silva was clear to the officers. *See Farmer*, 511 U.S. at 842. Silva thus fails to show that the district court erred in dismissing his failure-to-protect claim.

Similarly, Silva's conclusory allegations that the defendants failed to properly train or supervise staff with regard to inmate searches and first aid do not state a claim that Galbreath and Moses knew of and disregarded conditions

posing a risk of serious harm to Silva. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Moreover, because Silva failed to allege facts showing a violation of his constitutional rights by the deputies, he concomitantly failed to allege facts showing liability on the parts of Galbreath and Moses for their alleged failure to supervise or train those deputies. *See Roberts*, 397 F.3d at 292.

Silva contends that, after the incident, jail officials hindered his access to the courts because he was denied legal materials for two months while placed in segregation. This bare contention, offered without argument or citation to authority, is insufficient to show that Silva was denied a reasonably adequate opportunity to file his claims. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996). Silva has shown no error in the district court's dismissal of his claim that he was denied access to legal services.

The district court's dismissal of Silva's § 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Silva is CAUTIONED that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED