# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2014

Lyle W. Cayce
Clerk

No. 13-10985
Summary Calendar

JIMMY DIAZ,

Plaintiff-Appellant

v.

DAVID BASSE, Doctor; K. WALLACE, Medical Supervisor; S. TENORIO, Nurse Practitioner; NEAL UNIT FACILITY; OLIVER J. BELL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-112

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Jimmy Diaz, Texas prisoner # 1737301, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim on which relief may be granted. He alleged that prison officials violated the Eighth Amendment by failing to adequately treat his skin condition caused by unsafe drinking water.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10985

We review de novo the dismissal of a complaint pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Contrary to Diaz's argument, the district court was not required to allow him to conduct discovery prior to dismissing his complaint. *See* §§ 1915(e)(2), 1915A(a).

A prison official can be found liable under the Eighth Amendment for subjecting a prisoner to inhumane conditions of confinement or denying the prisoner adequate medical care if he is deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828, 832 (1994). The prison official must both be aware that a substantial risk of serious harm exists and disregard that risk. *Id.* at 837.

In Diaz's district court pleadings, he made only general, conclusory, and speculative allegations about the unsafe nature of the drinking water and prison officials' awareness thereof. He therefore failed to allege sufficient facts from which it could be inferred that defendants knew that the drinking water posed a substantial risk of serious harm and disregarded that risk. *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 837. Assuming arguendo that Diaz sufficiently alleged that defendants were aware that his skin condition posed a substantial risk of harm, his allegations do not permit the inference that defendants disregarded that risk. *See id.* His complaints of medical error in diagnosing and treating his skin condition do not state valid claims of deliberate indifference. *See Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012).

No. 13-10985

Diaz has failed to show that the district court erred in dismissing his complaint for failure to state a claim on which relief may be granted. *See Green*, 623 F.3d at 280. The judgment of the district court is affirmed. Diaz's motion for appointment of counsel is denied. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Our affirmance of the district court's dismissal of Diaz's § 1983 complaint for failure to state a claim on which relief may be granted counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Diaz has three other strikes. *See Diaz v. McDuffie*, No. 2:13-CV-80 (N.D. Tex. Feb. 25, 2014); *Diaz v. Dockery*, No. 2:13-CV-111 (N.D. Tex. Sept. 5, 2013); *Diaz v. Mings*, No. 1:04-CV-673 (W.D. Tex. June 16, 2005). Because Diaz has accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is also warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. He should review all pending matters to ensure that they are not frivolous.

JUDGMENT AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; § 1915(G) BAR IMPOSED.