# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

No. 14-60743

DAVID ADAMS,

Plaintiff-Appellant

v.

GEORGE W. SCHMIDT,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CV-59

Before CLEMENT, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Adams, Mississippi prisoner # T1812, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights complaint brought pursuant to 31 U.S.C. § 3723 and 42 U.S.C. §§ 1983 and 1985. The district court denied his IFP motion and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60743

A district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and providing written reasons for the certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). When a district court makes such a certification under § 1915(a)(3) and Rule 24(a)(3), the appellant may either pay the filing fee or challenge the certification decision. *Baugh*, 117 F.3d at 202. Adams's motion to proceed IFP on appeal is construed as a challenge to the district court's certification decision. *See id.*

Adams alleged that George Schmidt agreed to represent him pro bono in post-conviction proceedings and that a few months after Adams sent his criminal files to Schmidt, Schmidt quit communicating with him and refused to return his files, preventing him from obtaining another attorney. Adams filed an ethics complaint against Schmidt with the Mississippi Bar association, who found that Schmidt had not violated any ethical rules. Adams then filed this suit against Schmidt, alleging that Schmidt, the bar association, and two bar association officials conspired to deprive him of his files and access to the courts on account of the nature of his capital rape conviction.

The district court dismissed Adams's § 3723 claim as legally frivolous because Schmidt and the bar association officials were not employees of the United States Government and because the bar association is not a federal agency. By failing to sufficiently brief the issue, Adams has abandoned any challenge to the dismissal of this claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As for the district court's dismissal of Adams's § 1985 claim as frivolous, our review of the record and Adams's brief on appeal reveals no abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). The district court concluded that it was frivolous because the facts Adams alleged

2

"failed to show any type of discriminatory animus." Adams alleged that Schmidt's discrimination was based on his capital rape conviction, but he failed to allege any facts to indicate that Schmidt's conduct was motivated by a purpose directed specifically at convicted capital rapists as a class. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (requiring that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action"). Indeed, Adams alleged facts that flatly contradicted his contention that he was discriminated against on the basis of his conviction and that instead indicated that Schmidt was willing to represent him upon receipt of a retainer fee.

As for the district court's dismissal of Adams's § 1983 action for failure to state a claim, Adams has failed to meaningfully challenge the grounds supporting the district court's dismissal of his § 1983 claim against the Mississippi Bar and the bar association officials; we therefore review only whether he stated a claim against Schmidt. *See Yohey*, 985 F.2d at 224-25.

Section 1983 provides a remedy for the deprivation of a constitutional right by a state actor or someone acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). Adams alleged that Schmidt, as an attorney providing pro bono representation, "was acting in his official capacity as a lawyer for Mississippi and the United States." Accepting Adams's allegations as true, the factual allegations do not "plausibly suggest an entitlement to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). An attorney is not acting under color of state law when representing a client. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981). Although private attorneys who have conspired with state officials may be held liable under § 1983, Adams did not allege any facts to indicate that there was an agreement between the defendants to support a conspiracy. *See Tebo v. Tebo*, 550 F.3d 492, 496 (5th

3

Cir. 2008). To the extent his allegations can be construed as asserting that Schmidt was acting under color of federal law, it is well-settled that federal officials "are not subject to suit under § 1983." *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982).

Finally, Adams complains that the district court erred by failing, prior to dismissal, to conduct a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Adams has not described facts that would have been revealed through a *Spears* hearing that would have salvaged his otherwise deficient complaint and, therefore, has not shown that the district court abused its discretion. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

Adams has failed to show that the district court's certification that the appeal was not taken in good faith was incorrect. *See Baugh*, 117 F.3d at 202. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Adams's IFP motion is denied, and his appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), as does the district court's dismissal. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Adams is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.