# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2010

No. 09-11050

Lyle W. Cayce
Clerk

KENDRICK D. GREEN,

Plaintiff–Appellant,

v.

HAROLD A. ATKINSON, Food Service MGR IV at Middleton Unit; HENRY A. SCOTT, Food Service MGR III at Middleton Unit; WANDA G. GLADDEN, Food Service MGR III at Middleton Unit; WARDEN T. A. MOYA, Middleton Unit; ASSISTANT WARDEN J. S. PRINGLE, Middleton Unit,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:

Kendrick D. Green, Texas prisoner #1041383, filed suit under 42 U.S.C. § 1983 against food service employees, the warden, and the assistant warden of the prison where he is an inmate, alleging that the defendants failed to screen inmates' food for foreign objects. The district court dismissed the suit pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The standard of review for dismissal of a complaint as frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i) is abuse of discretion.[1]  The standard of review for dismissals under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo.[2]  We therefore review the case de novo,[3] taking the facts alleged in the complaint as true and viewing them in the light most favorable to Green.[4]

While chewing cornbread in the prison cafeteria, Green "felt a loud crunch in [his] mouth followed by excruciating pain."  Green had broken a tooth on a metal nut in the cornbread, and his mouth filled with blood.  While Green was waiting to be treated by the prison dentist, defendant Food Service Captain Atkinson placed blame for the foreign object in the cornbread on the producers of the cornbread mix.  Atkinson also admitted that "it[']s happened before" and that there was "nothing they [could] do about it."  Despite his placing blame on "production," Atkinson instructed another guard to check all the kitchen equipment to "be sure nothing was missing" from it.  The prison dentist, who repaired the tooth with a permanent filling the next day, told Green that he was lucky because the damage could have been greater.

Green alleged that the defendants were deliberately indifferent to his and the other inmates' health and safety in the preparation of food.  He alleged that this deliberate indifference caused Green's painful injury and thereby violated the Eighth Amendment's prohibition against cruel and unusual punishment.[5]  Green's deliberate indifference claim relied solely upon Atkinson's statement that such incidents had "happened before," and that "they"—viewed in a light most favorable to Green, the prison officials—could not do anything about it.

---

[1] *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003) (per curiam).

[2] *Id.*; *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (per curiam).

[3] *Velasquez*, 329 F.3d at 421.

[4] *See Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[5] *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994).

No. 09-11050

Because the complaint did not detail any other instances of foreign objects in the prison's food or of foreign objects in food harming any other inmate, the district court determined that Green failed to state a claim on which relief could be granted. The district court did not conduct a *Spears*[6] hearing or otherwise grant Green the opportunity to develop further the facts of his claim.

Green argues on appeal that his complaint stated a claim for relief because it alleged a history of similar occurrences at the prison. As he did in the district court, he claims here that the prison officials had a constitutional responsibility to screen the food before serving it. His claims rely solely upon Atkinson's admission that foreign objects had been found before in the food mixes and that nothing could be done about it.

The district court erred in dismissing the suit for failure to state a nonfrivolous claim without permitting Green to develop further the factual basis for it. Green's allegations, "if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim."[7] To establish an Eighth Amendment violation of cruel and unusual punishment, a prisoner–plaintiff must show that a state actor acted with deliberate indifference—knowing disregard—to a substantial risk of serious harm to an inmate.[8] A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected.[9] Evidence of frequent or regular injurious incidents of foreign objects in food, on the other hand, raises what otherwise might be merely isolated

---

[6] *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[7] *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

[8] *Farmer*, 511 U.S. at 834-37.

[9] *Hyder v. Perez*, No. 96-40003, 1996 WL 255243, at *1 (5th Cir. April 29, 1996) (unpublished) (per curiam); *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988).

negligent behavior to the level of a constitutional violation.[10] Green's allegation concerning Atkinson's statement suggests that a questionnaire or *Spears* hearing would "bring into focus the factual and legal bases of [the prisoner's] claims."[11]

With respect to the other defendants, however, Green's complaint included no facts to show a plausible claim that they knowingly disregarded a substantial risk that an inmate could be injured by a foreign object in his food. Nothing in the complaint suggested that anyone but Atkinson was aware that objects were found previously in the prison's food. Nor did anything in the complaint suggest that the insufficient allegations against the remaining defendants might be remedied by a *Spears* hearing or the filing of a more definite statement.[12]

\*    \*    \*

Accordingly, the judgment dismissing Green's claim against Atkinson is VACATED and REMANDED. The judgment dismissing the remaining defendants is AFFIRMED.

---

[10] *See George*, 837 F.2d at 707.

[11] *Eason*, 14 F.3d at 9 (quoting *Spears*, 766 F.2d at 181).

[12] *Id.* at 9, 10 (distinguishing nonfrivolous claims, which should have been further developed in a *Spears* hearing, from those that are "pure fantasy or based upon a legally inarguable proposition," which may be dismissed without giving the plaintiff an opportunity to further develop the factual allegations).