# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2012

No. 11-31091
Summary Calendar

Lyle W. Cayce
Clerk

TIMOTHY HUGH QUEEN,

Plaintiff-Appellant

v.

PARISH OF CALCASIEU; TONY MANCUSO; VIC SALVADOR; H. GREGORY TETE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-1303

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Timothy Hugh Queen, Louisiana prisoner # 54443, filed the instant 42 U.S.C. § 1983 civil rights suit to seek redress for an alleged denial of his right of access to courts. The district court dismissed his suit as frivolous and for failing to state a claim upon which relief could be granted, and Queen appeals that dismissal. We conduct a de novo review of the district court's decision. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Our analysis of Queen's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments, the record and pertinent authority shows no error in connection with the district court's judgment.

One wishing to raise a viable § 1983 claim must allege that a state actor violated his Constitutional rights. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). The right of access to courts "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Queen complains that the defendants' actions hampered his ability to bring excessive force claims unrelated to his sentence or the conditions of his confinement. Even if his ability to bring these claims was impeded, this is but "one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. Consequently, Queen failed to state a nonfrivolous access to courts claim upon which relief could be granted, and he has not shown that the district court erred by dismissing his suit.

AFFIRMED.