# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2013

Lyle W. Cayce
Clerk

No. 12-20778
Summary Calendar

THOMAS RAY PENNINGTON,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Executive Director; DR. BEN RAIMER, University of
Texas Medical Branch Correctional Manager; DR. K. CARPIN; DR. EUGENE
J. FONTENOT, JR.; DR. FAUSTO AVILA; S. ABKE, Practice Manager;
DR. ROBYN L. CROWELL; DR. DENNIS C. GORE; DR. E. URIBE-BUSTILLO;
DR. SARA MICHELLE JOHNSON; DR. PAUL CLAUNCH BRINDLEY;
DR. MYERS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-46

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Thomas Ray Pennington, Texas prisoner # 531216, appeals the district
court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.
§§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the dismissal of his complaint de novo, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

Pennington asserts that various prison officials and physicians were deliberately indifferent to his serious medical needs by failing to provide surgery to remove a mass growing on one of his legs. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). However, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan,* 669 F.3d 585, 590 (5th Cir. 2012). Pennington's own pleadings allege that he has received a number of medical examinations and that there is a disagreement amongst the physicians about whether he is a good candidate for surgery. "[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment." *See Domino v. Texas Dept. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). As Pennington's claims are based on a disagreement over his course of treatment, he has failed to state a claim for deliberate indifference.

The district court dismissed Pennington's complaint with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Pennington argues that the district court should have provided him an opportunity to amend, or dismissed his complaint without prejudice. However, Pennington was given an opportunity to cure the inadequacies in his pleading through the district court's

use of a questionnaire in the nature of a motion for more definite statement. *See Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir. 1994). Therefore, he cannot show that the district court abused its discretion in dismissing his complaint with prejudice.

AFFIRMED.