# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30551
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

TERRE ROMAONDO ENGLISH,

Plaintiff-Appellant

v.

WINN CORRECTIONAL CENTER; TIM KEITH; MISTER HOLDEN; MISTER WOODS; MEDICAL PERSONNEL WINN CORRECTIONAL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1-12-CV-2819

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Terre Romaondo English, Louisiana prisoner # 529417, filed a 42 U.S.C. § 1983 complaint naming Winn Correctional Center and various prison officials as defendants. He asserted that he was attacked by another improperly restrained inmate while they both were on a hospital trip outside of the prison. English was granted leave to proceed in forma

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pauperis.   The district court denied and dismissed English's complaint as frivolous and for failure to state a claim.

We review de novo the dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as frivolous or for failure to state a claim, or both, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff.  *Green v. Atkinson,* 623 F.3d 278, 279-80 (5th Cir. 2010).  We will affirm dismissal for failure to state a claim "if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts."  *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citation omitted).   "It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates."  *Longoria v. Texas,* 473 F.3d 586, 592 (5th Cir. 2006).  To succeed on a failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety."  *Johnson v. Johnson,* 385 F.3d 503, 524 (5th Cir. 2004) (internal quotation marks and citation omitted).  We have declined to find deliberate indifference when an official should have inferred the risk posed to an inmate; instead, the official must draw such an inference.  *Adames v. Perez,* 331 F.3d 508, 514 (5th Cir. 2003).

To the extent English insists that prison guards acted negligently by failing to comply with policies regarding the restraint of inmates, assertions of negligence fail to state a claim for relief under § 1983.  *See Marsh v. Jones,* 53 F.3d 707, 711-12 (5th Cir. 1995).  We also note that English asserted that the other prisoner was agitated with the guards, not that the other prisoner was angry at him or made any threats against him prior to the attack.  We conclude,

No. 13-30551

therefore, that the defendants would not have drawn an inference that the unrestrained prisoner would attack English. *See Adames,* 331 F.3d at 514.

English also contends that, following the attack, prison medical officials failed properly to examine or treat him for a possible head injury. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment if they exhibit deliberate indifference to a prisoner's serious medical needs. *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). To prevail on a claim of deliberate indifference to serious medical needs, the plaintiff must establish that a defendant denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, or engaged in similar conduct clearly demonstrating wanton disregard. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Unsuccessful medical treatment, negligence, medical malpractice, or a disagreement with medical treatment, however, will not support a § 1983 cause of action. *See id.* English's claims represent a disagreement with his medical treatment, which is insufficient to show deliberate indifference. *See Gobert,* 463 F.3d at 346.

Accordingly, we affirm the district court's dismissal of English's complaint for failure to state a claim. *See Samford,* 562 F.3d at 678.

The district court's dismissal of English's § 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). English is CAUTIONED that he now has one strike and that, if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.