# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

No. 14-20451
Summary Calendar

BRIAN DORSEY,

Plaintiff-Appellant

v.

CAPTAIN MCFARLIN; MRS. SCOTT, Case Counselor; MAJOR VAUGHN; T. JOHNSON; MRS. JOHNSON, Safekeeping Coordinator; AMANDA MENDOZA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-730

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Brian Dorsey, Texas prisoner # 720821, has appealed the dismissal of his civil rights complaint for failure to state a claim upon which relief may be granted. In his complaint, Dorsey asserted that his right to due process was violated during a prison disciplinary proceeding related to his unauthorized

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20451

possession of a cellphone.  Our review is de novo.  *Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010).

The Due Process Clause "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  None of the punishments imposed in the disciplinary proceeding implicate Dorsey's protected liberty interests.  *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  Although there is a constitutional expectancy of early release and thus a protected liberty interest created by Texas's mandatory supervision scheme for earned good-time credits, *see Malchi*, 211 F.3d at 957-58, Dorsey is not eligible for release on mandatory supervision because he was convicted previously of murder.  *See* TEX. GOV'T CODE ANN. § 508.149(a)(2) (West 2004).  Because he was not deprived a protected liberty interest, Dorsey has not alleged a due process claim related to his disciplinary proceedings.  *See Austin*, 545 U.S. at 221.  The judgment is AFFIRMED.

Dorsey is WARNED that the district court's dismissal of his complaint pursuant to pursuant to 28 U.S.C. § 1915A(b)(1) counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  If Dorsey accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury.  *See* § 1915(g).