**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-6685**

───────────

BERNARD BROWN,

Plaintiff – Appellant,

v.

R. BROCK, Food Services Manager; PATRICIA SCARBERRY, Food
Services Director,

Defendants - Appellees.

───────────

**No. 15-6726**

───────────

BERNARD BROWN,

Plaintiff – Appellant,

v.

PATRICIA SCARBERRY, Food Services Director at Red Onion
State Prison; R. BROCK, Food Services Manager at Red Onion
State Prison,

Defendants - Appellees.

───────────

Appeals from the United States District Court for the Western
District of Virginia, at Roanoke.   Glen E. Conrad, Chief
District Judge. (7:14-cv-00466-GEC; 7:14-cv-00707-GEC-RSB)

───────────

Submitted:  September 29, 2015       Decided:  December 16, 2015

───────────

Before WILKINSON, SHEDD, and DIAZ, Circuit Judges.

———————————

No. 15-6685 dismissed; No. 15-6726 affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————————

Bernard Brown, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Brown appeals from the dismissal without prejudice of two similar 42 U.S.C. § 1983 (2012) complaints under 28 U.S.C. § 1915A (2012) for failure to state a claim. The first was dismissed on October 6, 2014 (No. 15-6685), and the second was dismissed on January 26, 2015 (No. 15-6726). We dismiss the appeal in No. 15-6685 as untimely; however, in No. 15-6726, we affirm in part, and vacate and remand in part.

Parties in a civil action in which the United States is not a party have 30 days following the entry of the district court's final judgment or order to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). If a party files in the district court any of the motions listed in Fed. R. App. P. 4(a)(4)(A), including a motion "to alter or amend the judgment under Rule 59," then the 30-day appeal period runs from the entry of the order disposing of the last such motion. Fed. R. App. P. 4(a)(4)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

Assuming that Brown's post-judgment motions in No. 15-6685 could be properly construed as Rule 59(e) motions, the 30-day appeal period ran from the entry of the court's October 31, 2014 order denying Brown's second motion for reconsideration. Thus,

3

his April 24, 2015 notice of appeal was clearly untimely. Accordingly, we dismiss No. 15-6685 for lack of jurisdiction.

Turning to No. 15-6726, allegations in a pro se complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "'unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)). However, a prisoner's complaint seeking redress from the Government that is frivolous, malicious, or fails to state a claim may be dismissed sua sponte. 28 U.S.C. § 1915A. We review de novo a district court's dismissal for failure to state a claim pursuant to § 1915A. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (citation omitted).

Liberally construing the complaint, Brown asserts that Patricia Scarberry, Food Services Director at Brown's prison, knowingly used a defective can opener during food preparation and was aware that pieces of metal could end up in prisoners' food. Brown bit down on one of these pieces of metal and permanently injured his tooth causing pain and potential loss of the tooth. When informed that Brown found metal in his food,

4

Scarberry allegedly admitted that the metal likely came from the kitchen but stated that she had no other choice but to use the can opener. Scarberry allegedly stated that she had seen metal in various foods on different occasions. In addition, Brown averred that metal had been found in his food several times in the past.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on prisoners, including the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citations omitted). To succeed on an Eighth Amendment claim, a prisoner must show that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . [the] injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008). Allegations of unsanitary food service facilities are sufficient to state a cognizable constitutional claim, see Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978), so long as the deprivation is serious and the defendant is deliberately indifferent to the need. Wilson v. Seiter, 501 U.S. 294, 297-302 (1991). A single incident of finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected; however, evidence of frequent or regular injurious incidents of foreign

5

objects in food raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation. Green v. Atkinson, 623 F.3d 278, 280-81 (5th Cir. 2010) (vacating dismissal of complaint that alleged prisoner was injured by metal in his food after similar occurrences in the past and admission by defendant that there was nothing to be done).

Construing Brown's claims of Scarberry's prior knowledge and repetition of the incidents liberally, we conclude that he has alleged sufficient deliberate indifference to require a response from Scarberry. However, Brown's complaint does not substantively mention Defendant R. Brock, Food Services Manager, and does not allege any prior knowledge on his behalf, aside from the fact that he is in a management position in food services at the prison and that he responded to certain grievances. As the principles of respondeat superior do not apply in § 1983 cases, Brown's allegations are insufficient to state a claim against Brock. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that defendant in § 1983 action may not be sued solely for injury caused by his employee or agent).

Accordingly, we dismiss No. 15-6685, affirm the dismissal of the complaint against Brock in No. 15-6726, vacate the portion of the district court's opinion dismissing the complaint

6

against Scarberry in No. 15-6726, and remand to the district court for further proceedings as to this claim. We deny Brown's motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 15-6685 <u>DISMISSED</u><br>
No. 15-6726 <u>AFFIRMED IN PART</u>;<br>
<u>VACATED AND REMANDED IN PART</u>