# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30301
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

CLYDE WYATT,

Plaintiff-Appellant

v.

RICHWOOD CORRECTIONAL CENTER; WARDEN, Richwood Correctional Center; MIKE FENDALL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:14-CV-2362

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Clyde Wyatt, former Louisiana prisoner # 995274, brought a civil rights complaint under 42 U.S.C. § 1983 alleging that he was subjected to malicious prosecution and illegal arrest when he was transferred from one correctional facility to another pursuant to an illegal warrant and without probable cause and that he was subjected to an illegal search and seizure when, in the course

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30301

of that transfer, an official examined his property and took some of it. He further asserted that officials manipulated and fabricated evidence against him and that his constitutional rights were violated during his criminal proceedings, but he admitted that he eventually pleaded guilty to theft. He also alleged that the defendants are liable for defamation because, when prospective employers run background checks on Wyatt, they turn up outstanding warrants on charges for which he denies guilt.

The district court screened the complaint under 28 U.S.C. § 1915 and § 1915A and dismissed it as for frivolous and for failure to state a claim on the grounds that all of Wyatt's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that, as to the defamation claims, Wyatt had not identified any information in his background checks that was false. We review the district court's ruling de novo. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Under *Heck,* a plaintiff in a § 1983 action may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87

According to Wyatt, the rule in *Heck* does not apply to his § 1983 action because he had not yet been convicted or sentenced at the time he filed suit. He is mistaken. Where a plaintiff files a § 1983 action when a criminal proceeding is pending against him, the district court may dismiss the § 1983 action if he is later convicted and his claims call into question the validity of that conviction. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

No. 15-30301

Wyatt also suggests that *Heck* does not apply where the plaintiff's guilty plea is "independent, distinct, separate, and not contested" in the civil rights action.  Again, Wyatt misunderstands the rule laid out in *Heck*.  The *Heck* bar applies in "a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful."  512 U.S. at 486 n.6.  The district court determined that if Wyatt received a favorable judgment, it would, indeed, "necessarily implicate the validity of his conviction and sentence."  Wyatt does not say how this finding is erroneous or explain how success on his § 1983 claims would not call into question the legitimacy of his conviction for theft.

Finally, Wyatt has not addressed the district court's finding that he failed to identify any information in his background checks that was false.  Accordingly, he has abandoned the issue, and we decline to address it.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's judgment is AFFIRMED.  Wyatt's motions for the appointment of counsel and relief from an outstanding warrant are DENIED.