# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2017

Lyle W. Cayce
Clerk

ALAN VIRGIL BRUMFIELD,

Plaintiff-Appellant

v.

NATCHITOCHES PARISH DETENTION CENTER; MEG FITZHUGH; LIEUTENANT MILLAGE; LIEUTENANT DAVIS; WILLIE MAE CLARK; WARDEN D. DOVE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1883

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alan Virgil Brumfield, a pretrial detainee held at the Natchitoches Parish Detention Center (NPDC), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. A prisoner's in forma pauperis complaint shall be dismissed if it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30054

review the district court's dismissal for failure to state a claim de novo. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). When reviewing a dismissal for failure to state a claim, we accept "the facts alleged in the complaint as true and viewing them in the light most favorable to" the plaintiff. *Id.*

Brumfield argued that, as a pretrial detainee, NPDC officials and employees failed to adequately protect him, which resulted in a March 2013 assault by a convicted inmate. He also asserted that employees erred by housing him with convicted inmates and that they failed to notice and stop this assault. We conclude that Brumfield has not shown that any of the defendants were deliberately indifferent to his safety. An "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The failure of employees to notice and stop the assault constitutes negligence, not deliberate indifference. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999).

Immediately after he reported the assault, Brumfield was taken to the nurses' station where he was examined by a nurse and prescribed ibuprofen. The next day he was examined by a nurse practitioner and given a cortisone injection. He was later prescribed steroids, and eventually x-rays were taken of his spine. To establish liability on a medical claim, the plaintiff must establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). Brumfield's treatment record defeats his claim.

No. 16-30054

Brumfield's remaining claim is that NPDC officials denied him access to the courts.  To prevail on a denial of access-to-the-courts claim, the prisoner must show that he was prejudiced by the alleged violation.  *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).  To establish prejudice, a prisoner must show that his ability to pursue a nonfrivolous legal claim was hindered by the actions of the defendants.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Brumfield's arguments show that he has filed numerous unsuccessful pleadings in various courts.  He has therefore failed to make the required showing.

We conclude that Brumfield has not shown that the district court erred in dismissing his complaint for failure to state a claim.  *See Green*, 623 F.3d at 280.  Accordingly, the judgment of the district court is affirmed.  Brumfield's motions for injunctive relief, emergency relief, and leave to amend the district court pleadings are denied.

The district court's dismissal for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Brumfield is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; MOTIONS DENIED; SANCTION WARNING ISSUED.