# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2019

Lyle W. Cayce
Clerk

EMMANUEL ADWALE ADEYINKA,

Plaintiff-Appellant

v.

HARRIS COUNTY JAIL; STATE OF TEXAS; ANNISE DANETTE PARKER; LARRY NGUYEN; DANIEL JOSPH, JR.; B. SANDERSON; HOUSTON POLICE DEPARTMENT OFFICER WERLINGER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2161

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Emmanuel Adwale Adeyinka, proceeding pro se and in forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We review that dismissal for abuse of discretion. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20548

On appeal, Adeyinka fails to address the district court's determination that his claims were barred by the applicable statute of limitations or by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to identify any error in the district court's analysis, it is the same as if Adeyinka had not appealed the dismissal of his complaint. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because he has therefore abandoned any argument that the dismissal of his complaint was an abuse of discretion, we affirm the judgment of the district court. *See Rogers*, 709 F.3d at 407; *Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. Furthermore, Adeyinka's motion for appointment of counsel on appeal is denied because he has not shown that this case presents exceptional circumstances. *See Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015).

AFFIRMED; MOTION DENIED.