# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2019

Lyle W. Cayce
Clerk

JOSE ISIDRO JIMENEZ,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; FNU WALLER, Unit Manager; FNU GARZA, Counselor, JOHN DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-473

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jose Isidro Jimenez, federal prisoner # 68902-179, appeals the dismissal of his pro se complaint for failure to state a claim. Jimenez argues that the district court erred in sua sponte dismissing his complaint under 28 U.S.C. § 1915A(b)(1) without providing him an opportunity to amend. He contends that the district court improperly found that he failed to allege an injury and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to state a cause of action. He asserts that he stated claims of deliberate indifference, failure to protect, and failure to train and supervise.

We review *de novo* the dismissal of Jimenez's complaint. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). The district court shall dismiss a complaint in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity if the complaint fails to state a claim upon which relief may be granted. § 1915A(b)(1). Before a district court dismisses a pro se complaint, though, the plaintiff generally is to be given notice of the perceived inadequacy of the complaint and an opportunity to respond and correct any deficiencies. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

In the present case, the district court dismissed Jimenez's complaint without first alerting him to any deficiencies in the pleading or affording him the opportunity to amend it or to dispute the characterization that it was insufficient. *See Brown*, 829 F.3d at 370. The record also suggests that the district court failed to review the complaint's claims for deliberate indifference, failure to protect, and failure to train and supervise under the Federal Tort Claims Act, federal and state tort law, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Accordingly, we VACATE the district court's order dismissing the complaint with prejudice and REMAND for further proceedings. We express no opinion on the merits of Jimenez's complaint.