# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60636
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

DAVID LEE SANDERS,

Plaintiff - Appellant

v.

ITAWAMBA COUNTY; CHRIS DICKERSON, Itawamba County Sheriff; VICKY RUSSELL, Itawamba County Jail Administrator; GREG WILMON, Itawamba County Jailer; CHRISTOPHER EDWIN BAUER, Public Defender; NEBROA PORTOR, Assistant District Attorney; JAMES L. ROBERTS, Circuit Court Judge; STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF CORRECTIONS; JERROLYN M. OWENS, Special Assistant Attorney General,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-116

Before BARKSDALE, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

David Lee Sanders, Mississippi prisoner # K8558 and proceeding *pro se*, challenges the dismissal of his 42 U.S.C. § 1983 complaint seeking damages for claimed constitutional violations arising from his now-vacated felony

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

conviction for unlawful possession of contraband while incarcerated in a correctional facility.

Sanders, however, does not brief, and has therefore abandoned, any challenge to the dismissal of his claims against defendants Judge James L. Roberts, Nebroa Portor, Jerrolyn M. Owens, the Mississippi Department of Corrections, and the State of Mississippi on immunity grounds, and any retaliation claim. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, we do not consider the claim, raised for the first time on appeal, that he is entitled to damages for unjust conviction and imprisonment under 28 U.S.C. §§ 1495 and 2513. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Regarding the remaining claims, the dismissal, for failure to state a claim, of a prisoner's *in forma pauperis* (IFP) civil-rights complaint is reviewed *de novo*. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). "To establish a claim under § 1983, [Sanders] must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Pratt v. Harris Cty.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted). There is no error in the ruling that Sanders' claims against his public defender and the four Itawamba County defendants failed to state a claim upon which relief could be granted.

Because Sanders was incarcerated at the time he filed this action, the dismissal of his complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290–92 (5th Cir. 2017). And, he previously received a strike in *Sanders v. Itawamba Cty.*, No. 1:17-cv-217 (N.D. Miss. 12 Apr. 2018). Sanders is warned: if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility "unless [he] is under imminent danger

of serious physical injury". *See* 28 U.S.C. § 1915(g) (providing for the three-strike rule).

AFFIRMED; SANCTION WARNING ISSUED.