# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20257
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2019

Lyle W. Cayce
Clerk

JAMES A. MEEKS, III,

Plaintiff-Appellant

v.

LORIE DAVIS; WARDEN G. VAUGHN; STATE CLASSIFICATION COMMITTEE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3431

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

James A. Meeks, III, Texas prisoner # 543366, appeals the dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim under 28 U.S.C. § 1915A(b)(1). On appeal, Meeks alleges that the district court misconstrued his claim and that he raised a viable Eighth Amendment claim alleging

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deliberate indifference with regard to prison conditions.  He contends that his transfer to another unit did not moot his claims.

We review the district court's dismissal under § 1915A(b)(1) de novo.  *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).  To establish an Eighth Amendment violation for conditions of confinement, an inmate must show that the alleged violation was sufficiently serious, specifically, that it deprived him of the most minimal level of life's necessities and that prison officials acted with deliberate indifference to his health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994).  To prove unconstitutional prison conditions, an inmate need only show that there is a "substantial risk of serious harm." *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004).

In the district court, Meeks alleged that the defendants were deliberately indifferent in violation of the Eighth Amendment because in August 2018, he was subjected to conditions of extreme heat while housed at the Estelle Unit. He asserted that he was housed in a facility with poor ventilation where cell temperatures exceeded the outside temperatures of 104 to 110 degrees Fahrenheit and that he was provided no heat mitigation.  Meeks further alleged that he suffered from medical conditions making him more susceptible to extreme heat, that the defendants were aware of his conditions, and that he suffered as a result of the heat.  Indeed, this court has held that exposing an inmate to extreme cell temperatures can constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Hinojosa v. Livingston*, 807 F.3d 657, 665-68 (5th Cir. 2015) (finding sufficient allegation of Eighth Amendment violation where complaint alleged dangerous heat conditions and officials' disregard of serious health risks for an inmate's medical conditions); *Ball v. LeBlanc,* 792 F.3d 584, 596 (5th Cir. 2015) (affirming injunction requiring heat-reduction measures at a death-row facility in Angola,

No. 19-20257

Louisiana); *Gates v. Cook*, 376 F.3d 323, 339-40 (5th Cir. 2004) (affirming an injunction requiring Mississippi prison to provide ice water, fans, and daily showers to death row inmates when heat index was 90 degrees Fahrenheit or above). Thus, Meeks's allegations sufficiently alleged an Eighth Amendment violation.

Accordingly, the district court's judgment dismissing the complaint for failure to state a claim is VACATED, and the matter is REMANDED for further proceedings. Meeks's motion for the appointment of counsel is DENIED.