# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 21-50284
Summary Calendar

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Marsha McLane, *Director of Texas Civil Commitment Office;* Chris Greenwald, *Case Manager of the Texas Civil Commitment Office*; Kevin Stitt, *Governor of Oklahoma*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-906

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Lonnie Kade Welsh, an individual who was civilly committed by Texas as a sexually violent predator, appeals the district court's dismissal of his claims under 42 U.S.C. § 1983 challenging the denial of his request for a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

transfer to a treatment facility in Oklahoma and the denial of his postjudgment motion. We review the denial of Welsh's postjudgment motion for abuse of discretion, *see Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017), and the dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B) de novo. *See Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010); *see also Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Welsh contends that his Fourteenth Amendment rights to liberty and interstate travel were violated when his transfer to Oklahoma was denied and that the sole remedy he seeks is a transfer to Oklahoma for medical and personal security reasons. These claims were properly brought under § 1983, rather than in a habeas petition, *see, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), but were properly dismissed under § 1915(e)(2)(B).

"While such civilly committed persons are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish, the Constitution nevertheless affords a state wide latitude in crafting a civil commitment scheme." *Brown v. Taylor*, 911 F.3d 235, 243 (5th Cir. 2018) (internal quotation marks and citation omitted). States may civilly commit sexually violent predators who "require the state's supervision and treatment," *id.*, and due process requires only "that the conditions and duration of confinement . . . bear some reasonable relation to the purpose for which persons are committed," *Seling v. Young*, 531 U.S. 250, 265 (2001). Welsh has not sufficiently alleged how the denial of a transfer lacked a reasonable relation to the purpose for which he was committed. *See id.*

And while "[t]he right of interstate travel has repeatedly been recognized as a basic constitutional freedom," *Mem'l Hosp. v. Maricopa Cnty.*, 415 U.S. 250, 254 (1974), and "a right secured by the 14th Amendment and by other provisions of the Constitution," *Williams v. Fears*, 179 U.S. 270,

No. 21-50284

274 (1900), Welsh is currently an involuntarily committed sexually violent predator housed in a total confinement civil commitment facility.  He does not presently enjoy the same freedoms as those not so restrained, including the ability to travel interstate.  *See, e.g., Jones v. Helms*, 452 U.S. 412, 419 (1981).

    AFFIRMED.