# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

———————

No. 22-20465
Summary Calendar

———————

Luke Dwayne Latson,

*Plaintiff—Appellant*,

*versus*

Captain Jody L. Baker; Marcus D. Williams, *Co IV*;
Geraldine Fernandez, *Registered Nurse*; Rachel M. David,
*LVN*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4403

———————————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Luke Dwayne Latson, Texas prisoner # 1595322, filed a 42 U.S.C. § 1983 complaint stemming from a use of force incident. He appeals the district court's order granting Officer Marcus Williams's motion for summary judgment and dismissing Latson's claims against Williams, as well

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

as dismissing his claims against the remaining defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A for failure to state a claim. He argues that the district court erred by granting Williams's motion for summary judgment because there were disputed issues of material fact regarding the use of force. Latson also argues that the district court's dismissal of his claims against Geraldine Fernandez and Rachel David were improperly dismissed because he stated claims against them for conspiracy and for deliberate indifference to his serious medical needs. Because Latson does not challenge the district court's dismissal of his claims against Captain Jody Baker, he has abandoned any such challenge on appeal. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

"This court reviews a summary judgment de novo, using the same standard as that employed by the district court." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This court "review[s] evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

To prevail on an Eighth Amendment claim of excessive force, a prisoner must show the "unnecessary and wanton infliction of pain." *See Hudson v. McMillan*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (internal quotation marks and citation omitted). A court may consider (1) "the extent of injury suffered"; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "the threat reasonably perceived by the

responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citation omitted).

A review of Latson's factual allegations and the videotape shows that Latson's assertions regarding the manner and means in which the force was applied are inconsistent with the video footage, and further demonstrates that all five *Hudson* factors weigh in favor of Williams. *See id.* Latson has not shown that the district court erred in concluding that there is no genuine dispute as to any material fact regarding Latson's excessive force claim and that Williams is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

We review dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A(b)(1) de novo, applying the same standard as when reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We must take Latson's factual allegations as true and view them in the light most favorable to him. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Nevertheless, his allegations of a conspiracy involving Fernandez and David are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Likewise, Latson's allegations of deliberate indifference to his serious medical needs, taken as true, are insufficient to state a plausible claim for relief against David and Fernandez. *See Iqbal*, 556 U.S. at 678; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The record reflects that Latson received medical treatment following the use of force incident. His disagreement with that treatment or the conclusions reached by the medical providers does not state a claim for deliberate indifference to

serious medical needs under the Eighth Amendment. *See Domino v. Tex. Dep't. of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

AFFIRMED.