# United States Court of Appeals for the Fifth Circuit

———————

No. 25-10940
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

Asem Farooq,

*Plaintiff—Appellant*,

*versus*

Donna Bolt; Lynette Bowles; Yaro Abdul; Manheim
Auto Company,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-359

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

After his employment-discrimination claims were dismissed with prejudice in 2023, Plaintiff-Appellant Asem Farooq brought this follow-on action alleging litigation misconduct in the original case. The district court screened the complaint under 28 U.S.C. § 1915, concluded Farooq's claims were frivolous, and dismissed with prejudice. We agree with the district

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10940

court's conclusion and find no abuse of discretion. We thus AFFIRM the judgment.

This is the third time Farooq has sued his former employer and/or coworkers under employment-discrimination laws and the Uniformed Services Employment and Reemployment Rights Act (USERRA). The first was in 2022, when Farooq, through counsel, sued his former employer for allegedly violating USERRA and the Texas Commission on Human Rights Act (TCHRA). After removal from state court to the United States District Court for the Northern District of Texas, the claims were dismissed with prejudice on summary judgment. A subsequent appeal was dismissed for failure to prosecute.

The next year and in the same court, Farooq again sued his former employer, as well as two former coworkers, asserting defamation, discrimination, and violations of USERRA. Those claims were dismissed with prejudice in a judgment this court affirmed in 2024.[1]

In January 2025, Farooq filed this case pro se. His operative complaint accuses his former employer and coworkers of concealing evidence and of falsely testifying that Farooq voluntarily resigned when in actuality, he was constructively discharged. It asserts claims under USERRA and TCHRA.

Farooq applied for pauper status so the district court screened his complaint under 28 U.S.C. § 1915, as required.[2] Upon review, the court concluded the USERRA and TCHRA claims were barred by statutes of

---

[1] *See Farooq v. Bolt*, No. 24-10327, 2024 WL 3813740, at *1 (5th Cir. Aug. 14, 2024) (per curiam).

[2] *See* 28 U.S.C. 1915(e)(2)(B)(i) (addressing in forma pauperis proceedings and stating, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").

limitations and, hence, frivolous.[3] A final judgment of dismissal with prejudice entered on June 25, 2025.

On July 15, 2025, Farooq timely sought reconsideration under Rule 59(e).[4] The district court denied the motion eight days later, on July 23, 2025, and added two reasons why dismissal was warranted: the USERRA claim was finally adjudged in the original litigation and there is no cause of action for civil perjury under Texas law.

Farooq sought reconsideration under Rules 59(e) and 60(b).[5] The court advised that a Rule 60(b)(3) motion attacking the original judgment should have been filed in that action. But, it continued, the motion was untimely, whether construed as a Rule 59 or Rule 60(b) motion. This appeal followed. Our review is for abuse of discretion.[6]

Farooq raises five issues on appeal, which we address seriatim. The first argues his claims are not barred by limitations because his complaint

---

[3] *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam) ("In an action under section 1915, a district court may raise the defense of limitations sua sponte. Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." (internal citations omitted)); *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir. 1998) (per curiam) ("An IFP complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact.").

[4] *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The motion also references Rule 60(b) but on appeal, Farooq calls it a Rule 59(e) motion.

[5] *See id.*; FED. R. CIV. P. 60(b)(3) ("[T]he court may relieve a party or its legal representative from a final judgment . . . for the following reasons: . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.").

[6] *See Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010) (per curiam) ("The standard of review for dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) is abuse of discretion.").

"relates back to the original" litigation under Rule 15(c)(1)(B).[7] Rule 15, however, governs amendments to pleadings in the same action. It does not operate to toll limitations for adjudicated claims in successive suits.

Farooq's second and third assignments argue his initial Rule 59(e) motion for reconsideration was filed timely; yet, the district court treated it as untimely. The record does not bear this out. Rather, the district court considered and decided the initial motion on July 23, 2025, on grounds other than timeliness.

Fourth, Farooq argues a Rule 60(b)(3) motion to upset a judgment for an opponent's fraud may be filed at any time. He is wrong about that: "60(b)(3) motions must be made within a reasonable time, not more than one year, after the challenged judgment was entered."[8] True, a different section, Rule 60(d)(3), recognizes there is no time bar to set aside a judgment for fraud on the court.[9] But what Farooq says took place in his original case does not amount to "the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated," as set forth in the caselaw.[10] Specifically, Farooq claims testimony about his voluntary resignation in the prior case was false because he was constructively discharged. This merely recasts his prior constructive-discharge claim under the guise of fraud on the court and is

---

[7] *See* FED. R. CIV. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading.").

[8] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337 (5th Cir. 1978).

[9] *See* FED. R. CIV. P. 60(d)(3) ("This rule does not limit a court's power to: . . . set aside a judgment for fraud on the court.").

[10] *Rozier*, 573 F.2d at 1338 (quoting *United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972), *aff'd sub nom. Nader v. United States*, 410 U.S. 919 (1973)).

No. 25-10940

foreclosed by the final judgment entered in the original action.[11] Farooq also claims the lawyers in the original case concealed "portions of internal communications and deposition testimony." That, too, falls short: "[l]ess egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."[12]

Farooq's final assignment cursorily asserts the district court violated due process in several ways, none of which the record supports. The district court adhered to procedure and the law, 28 U.S.C. § 1915; acted on all of Farooq's motions, timely or not; and explained its decisions in clear and understandable terms. It cannot be said that Farooq was denied notice or an opportunity to be heard. Finding no abuse of discretion, the district court's judgment is AFFIRMED.

---

[11] *See, e.g.*, *Devins v. Armstrong*, 161 F.4th 922, 927 (5th Cir. 2025) (applying res judicata).

[12] *Rozier*, 573 F.2d at 1338 (quoting *Int'l Tel. & Tel. Corp.*, 349 F. Supp. at 29); *see also* Fed. R. Civ. P. 60(b)(3), (c)(1) (providing that a motion for relief from a judgment tainted with "fraud . . . , misrepresentation, or misconduct by an opposing party" must be brought within one year after entry of the judgment).