# United States Court of Appeals for the Fifth Circuit

---

No. 25-11388
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2026

Lyle W. Cayce
Clerk

Jahaua Joseph,

*Plaintiff—Appellant*,

*versus*

Vandergriff Chevrolet,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-930

---

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Jahaua Joseph appeals the district court's dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Under § 1915(e)(2)(B), a court "shall dismiss" a case taken in forma pauperis (IFP) "at any time" if it is frivolous or fails to state a claim on which

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  A complaint fails to state a claim when it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed de novo. *Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010).

Joseph has forfeited this court's review of the following issues by failing to adequately brief them:  (1) whether the district court failed to liberally construe his pro se complaint and accept his factual allegations as true; (2) whether dismissal before service of process violated his right to due process; (3) whether he stated claims for breach of contract, unjust enrichment, and violations of the Truth in Lending Act and Equal Credit Opportunity Act. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); Fed. R. App. P. 28(a)(8)(A).  In addition to generic citations to authority, his conclusional allegations contain no reference to the record.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The district court identified the defects in Joseph's complaint and ordered him to file an amended complaint, which the district court found deficient.  Joseph does not identify what additional factual allegations that he could include in a second amended complaint that would rectify the defects in his first amended complaint.  Under such circumstances, the district court did not err in dismissing his first amended complaint with prejudice without granting him leave to amend for a second time. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Like the district court, this court accepts as true Joseph's allegations that he suffered the following harms: (1) loss of transportation; (2) financial injury; (3) housing instability; and (4) emotional harm.  Nevertheless, Joseph fails to identify any cognizable claims that provide redress for those harms.

No. 25-11388

Accordingly, the district court did not err in finding that Joseph suffered no redressable legal harm and dismissing his complaint under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The judgment of the district court is AFFIRMED.