**Moises SANCHEZ, Plaintiff-Appellant**

**v.**

**William STEPHENS; Frank D. Hoke; Candace R. Moore, Defendants-Appellees**

No. 15-41726
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed May 18, 2017

---

Moises Sanchez, Pro Se

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Moises Sanchez, Texas prisoner # 1320836, appeals the dismissal of his pro se 42 U.S.C. § 1983 complaint, in which he alleged that his constitutional right of access to the courts was violated due to the absence of legal materials in Spanish, which is the only language he can understand, or assistance in Spanish by someone trained in the law. Sanchez also moves for the appointment of counsel.

The district court dismissed Sanchez's suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1), on the ground that it failed to state a claim upon which relief may be granted and was frivolous. Sanchez challenges the district court's determination that his claims

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be dismissed because he did not show that the absence of legal materials or assistance in Spanish prejudiced him with respect to a nonfrivolous claim or prevented him from presenting a nonfrivolous claim. Sanchez asserts that he has been prevented from filing actionable claims to challenge his criminal conviction and prison disciplinary cases. He further asserts that he was impeded in the district court proceedings because the denial of his motion for the appointment of counsel and the refusal to provide translations of the court's orders hindered his ability to respond.

We apply de novo review to the district court's dismissal of Sanchez's suit. *See Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010). There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To prevail on a denial-of-access claim, an inmate must demonstrate an actual injury by showing "that the alleged shortcomings in the library or legal assistance program hindered his ability to pursue a legal claim." *Id.*

"[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Instead, the inmate must show that a nonfrivolous, arguable claim he wished to bring has been lost or rejected due to the deficiency or that the deficiency is currently preventing his presentation of such a claim. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Lewis*, 518 U.S. at 353 & n.3, 356, 116 S.Ct. 2174. The underlying claim must be described well enough to apply the frivolity test and to show that its "'arguable' nature ... is more than hope." *Harbury*, 536 U.S. at 416, 122 S.Ct. 2179.

■ Sanchez's challenge to the district court's decision is unavailing. His assertions that he has been hindered in presenting claims challenging his criminal conviction and prison disciplinary cases are conclusory. He fails to describe the claims with the particularity needed to evaluate whether they were nonfrivolous and does not explain with specificity how the absence of legal materials and assistance in Spanish actually hindered those claims. *See Harbury*, 536 U.S. at 416, 122 S.Ct. 2179; *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

■ Sanchez's assertion that he was hindered in the district court by the denial of counsel and the absence of translated orders is similarly conclusory, as he has received bilingual assistance from inmates in litigating his claim and does not specify how the language barrier otherwise hindered him. Furthermore, Sanchez did not have the automatic right to the appointment of counsel for prosecuting his claim in the district court. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

To the extent Sanchez argues that a constitutional right to legal materials or legal assistance in Spanish exists due to the diversity of languages in Texas and the United States, the argument fails because the Supreme Court has made clear that inmates do not have a general, freestanding right to legal materials or assistance in any particular format or language. *See Lewis*, 518 U.S. at 350-51, 356, 116 S.Ct. 2174. We deny Sanchez's motion for the appointment of counsel here because he has not demonstrated exceptional circumstances warranting such appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The district court's dismissal of Sanchez's suit counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Sanchez is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION TO APPOINT COUNSEL DENIED; SANCTION WARNING ISSUED.