# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

BRYAN L. PARK,

Plaintiff-Appellant

v.

DEE ANDERSON, Sheriff Tarrant County; JOHN DOE, I, Mansfield Corrections Officer; JOHN DOE, II, Mansfield Corrections Officer

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-638

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bryan L. Park, Texas prisoner # 0441023, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. We review the district court's dismissal for failure to state a claim de novo. *See Green v. Atkinson,* 623 F.3d 278, 280 (5th Cir. 2010). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In his complaint, Park asserted that the defendants caused him pain and suffering by violating several of his civil rights, alleging, among other things, that the John Doe defendants used excessive force to arrest him and that Sheriff Dee Anderson was responsible, as a supervisor, for the inhumane treatment of the prisoners in his custody. Aside from mentioning a possible broken hand, Park did not provide the district court with any specific facts regarding the incident or incidents that led to his filing the complaint. Nor does he now provide any facts to support his general assertions that the defendants violated his constitutional rights. His mere conclusional allegations are not sufficient to raise a constitutional claim. *See Iqbal*, 556 U.S. at 678; *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Moreover, we do not consider facts alleged for the first time on appeal. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Because he does not challenge the district court's determination that Sheriff Anderson could not be held liable under the doctrine of vicarious liability, Park has abandoned the issue. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We conclude that Park has not shown that the district court erred in dismissing his complaint for failure to state a claim. *See Green,* 623 F.3d at 280. The district court's dismissal for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Park is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). AFFIRMED; SANCTION WARNING ISSUED.