# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-20503
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2018

Lyle W. Cayce
Clerk

VAUGHN MONROE,

Plaintiff–Appellant,

v.

JOHN DOE, I - Director - University of Texas Medical Branch, Galveston, Texas; BRYAN COLLIER, Executive Director - Texas Department of Criminal Justice, Huntsville, Texas; DR. L. LINTHICUM, Medical Director - Texas Department of Criminal Justice, Huntsville, Texas; JOSEPH CURRY, Physicians Assistant - University of Texas Medical Branch, Huntsville, Texas; JOE MORGAN, Practice Manager - University of Texas Medical Branch, Huntsville, Texas; DR. ROHIT VENKATESAN, M.D. - University of Texas Medical Branch, Galveston, Texas; DR. ROGER SOLOWAY, M.D. - University of Texas Medical Branch, Galveston, Texas; STEVE MILLER, Warden - Byrd Unit, Galveston, Texas; DR. B. WILLIAMS, Unit Physician - University of Texas Medical Branch, Huntsville, Texas; M. ROESLER, Warden - Ellis Unit, Physician - Texas Department of Criminal Justice, Huntsville, Texas; MR. ROARK, Physicians Assistant - University of Texas Medical Branch, Livingston, Texas; DR. RIPSON, Unit Physician - University of Texas Medical Branch, Livingston, Texas; DR. BRISCOE, Unit Physician - University of Texas Medical Branch, Livingston, Texas; TODD HARRIS, Warden - Polunsky Unit, Texas Department of Criminal Justice, Livingston, Texas,

Defendants–Appellees.

————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-541

————

No. 16-20503

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vaughn Monroe, then Texas prisoner no. 1967416, filed a 42 U.S.C. § 1983 civil rights complaint alleging that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated in various units of the Texas Department of Criminal Justice. He alleged that the 14 defendants associated with the University of Texas Medical Branch (UTMB defendants) acted with deliberate indifference to his serious medical needs by failing to provide him with adequate medical treatment for his abdominal pain, hand pain, and other medical conditions. He alleged that the five defendants associated with the Texas Department of Criminal Justice (TDCJ defendants) failed to protect him from the harm caused by the UTMB defendants. Monroe now appeals from the district court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. Monroe's motion for leave to file a supplemental appellate brief is denied.

We review a district court's dismissal under § 1915(e)(2)(B)(ii) de novo, applying the standard used for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). In conducting that review, we accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

On appeal, Monroe reiterates his complaints regarding the medical care provided by the UTMB defendants and argues that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that those defendants were not deliberately indifferent to his serious medical needs. However, Monroe's arguments are unavailing. Even if the assertions in his complaint are true, his contentions effectively amount to a disagreement with the treatment and care provided and do not amount to a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see Gobert v. Caldwell*, 463 F.3d 339, 346, 349 n.32 (5th Cir. 2006); *Mendoza v. Lynaugh*, 989 F.2d 191, 194-95 (5th Cir. 1993).

Monroe erroneously asserts that the district court did not rule on his failure to protect claims against the TDCJ defendants. He asserts in the alternative that the district court erred in denying those claims. However, that argument also is unavailing. Monroe's allegations that the TDCJ defendants denied or ignored his complaints that he was receiving inadequate medical care from the UTMB defendants were insufficient to demonstrate that any of those defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed or that any of the TDCJ defendants actually drew such an inference. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Next, Monroe argues that the district court abused its discretion by denying his claims without conducting a *Spears*[1] hearing, giving him an opportunity to amend his complaint to remedy his claims, or to conduct discovery. However, he has not shown an abuse of discretion. Although the district court dismissed Monroe's complaint without holding a hearing, it gave Monroe an opportunity to develop his factual allegations by ordering him to file a more definite statement and plead his best case. Monroe has not identified any facts he would have added or how he could have overcome the

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

No. 16-20503

deficiencies found by the district court if he had been granted a hearing or an opportunity to amend. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). Nor has Monroe shown how discovery of records relating to the ongoing medical care he has received, which he thoroughly discussed in his complaint, would have helped him state a claim of either deliberate indifference to his medical needs or failure to protect.

Accordingly, the district court's judgment is affirmed. With his appeal, Monroe filed motions to remand for a *Spears* hearing and for the appointment of counsel to represent him at that hearing. Those motions are denied.

The district court's dismissal of Monroe's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Monroe is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

*        *        *

The judgment of the district court is AFFIRMED; the motions to file a supplemental brief, to remand for a Spears hearing, and to appoint counsel are DENIED; a sanction warning is ISSUED.

4