# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40546

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

VICTOR KEITH WILSON,

Plaintiff-Appellant

v.

J.W. MOSSBARGER, Warden; J. JACKSON, JR., Major; N. SMITH, Captain;
R. GILBERT, Lieutenant; JANE DOE, Investigator,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-244

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Victor Keith Wilson, Texas prisoner # 796590, filed a civil rights complaint in which he asserted claims against several prison officials. He was granted leave to proceed in forma pauperis (IFP), and was ordered to file a more definite statement of his claims. After Wilson complied with that order, his case was reassigned to another district judge. The district court then dismissed Wilson's claims as frivolous and for failure to state a claim on which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief may be granted and denied Wilson's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for IFP status in this court, Wilson is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP filings in this court, Wilson raises no argument challenging the district court's determination that he failed to state a procedural due process claim, a retaliation claim, or a claim of deliberate indifference regarding prison conditions. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In view of Wilson's failure to set forth any argument regarding his claims for relief or identify any error in the district court's analysis, such issues are considered abandoned. *See Yohey*, 985 F.2d at 224-25; *see also Brinkmann*, 813 F.2d at 748.

Wilson's argument that the district court's dismissal was an abuse of discretion because the complaint was never served on the defendants and he had been granted leave to proceed IFP in the district court prior to reassignment lacks merit. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the district court may sua sponte dismiss an IFP complaint "at any time" if, as in this case, the complaint fails to state a claim. *See Brewster v. Dretke*, 587 F.3d 764, 769 n.3 (5th Cir. 2009). A dismissal under § 1915(e) is typically made prior to the issuance of process, as was the case here. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

Finally, Wilson's contention that the district court erred in dismissing his complaint merely because if felt that his factual allegations were unlikely lacks support in the record. Rather, the district court expressly recognized that it must accept as true the pleaded facts in determining whether the complaint

stated a claim on which relief could be granted, *see Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010), and there is no indication in the record that the district court erred in this regard.

The instant appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint as frivolous and for failure to state a claim counts as a "strike" for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g), as does the dismissal of the instant appeal. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Wilson is WARNED that if he accumulates at least three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.