# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 5, 2020

Lyle W. Cayce
Clerk

No. 20-10035
Summary Calendar

CLIFTON DARRELL PERRY,

*Plaintiff—Appellant*,

*versus*

GARRY CURRIE; LORIE PARKER; PATSY JOHNSON; SHARON
PETERS; CAPTAIN DECOLA; KAYLA RIGBY; BRUCE RASCO;
ROXANNA CHARLISLE; CHARLES WELMOTH; SERENA INCE,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-1028

Before HAYNES, WILLETT, and HO, *Circuit Judges*.
PER CURIAM:*

Clifton Darrell Perry, Texas prisoner # 02101830, appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 action under 28 U.S.C. § 1915A(b) as either frivolous or for failure to state a claim upon which relief

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

could be granted. In his complaint, Perry, who was proceeding in forma pauperis (IFP), alleged that the defendants were liable for failure to protect and deliberate indifference in violation of the Eighth Amendment and also for violating his constitutional due process and First Amendment rights. The claims arose after Perry defended himself against an unprovoked attack by his cellmate, resulting in Perry being punished and removed from the prison unit. Perry also moves this court for the appointment of counsel.

We review de novo the dismissal of a complaint as frivolous and for failure to state a claim. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Regarding Perry's claims that the defendants violated his due process rights by tampering with and failing to process his grievances, Perry has no liberty interest in having his grievances resolved to his satisfaction; therefore, the facts presented by Perry regarding this issue cannot state a viable due process claim. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because he raises the issue for the first time on appeal, we will not address Perry's claim that the defendants violated his due process rights by denying him an opportunity to present witnesses during his disciplinary proceedings. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Perry's First Amendment claims are conclusory at best. In any event, the claims are barred by 42 U.S.C. § 1997e(e) because Perry does not allege a resulting physical injury and abandoned his request for declaratory relief. *Geiger*, 404 F.3d at 375.

Regarding his failure-to-protect claim, Perry does not establish that the defendants were deliberately indifferent to his health or safety. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); *Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991). Perry alleged that days prior to the incident, Perry complained that his cellmate was acting funny, throwing things around the cell, and yelling expletives. Despite telling one defendant that he feared for

No. 20-10035

his safety in light of his cellmate's strange behavior, Perry did not tell anyone, nor does he now allege, that his cellmate threatened him, threw anything at him, or attempted to harm him in any way. The facts presented by Perry do not demonstrate that the defendants had actual knowledge that Perry's cellmate posed a serious threat to Perry's safety and disregarded that risk. *See Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013); *Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006).

We are not required to appoint counsel for an indigent plaintiff in a civil suit unless exceptional circumstances exist warranting such an appointment. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Perry's claims are not particularly complex, and, given his filings, he has demonstrated that he is capable of competently proceeding through the court system without the assistance of counsel. Accordingly, we DENY his motion for the appointment of counsel. *See id.*; *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

The district court's dismissal of Perry's complaint under § 1915A(b) counts as a strike for purposes of § 1915(g). *See* § 1915(g) (imposing a strike for an action that is dismissed on the grounds that it fails to state a claim upon which relief may be granted or is frivolous); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 135 S. Ct. at 1762–63. Perry is CAUTIONED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; motion DENIED; sanction warning issued.